BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone:   (650) 618-9250

*Attorneys for Defendants Acelyrin, Inc.,
Shao-Lee Lin, Mardi C. Dier, Bruce C.
Cozadd, Dan Becker, Alan B. Colowick,
Henry O. Gosebruch, Patrick Machado,
Beth Seidenberg and Dawn Svoronos*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KAMEL BOUKADOUM, FRED BERGMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACELYRIN, INC., SHAO-LEE LIN, MARDI C. DIER, BRUCE C. COZADD, DAN BECKER, ALAN B. COLOWICK, HENRY O. GOSEBRUCH, PATRICK MACHADO, BETH SEIDENBERG, and DAWN SVORONOS,<br><br>Defendants. | Case No. 2:23-cv-09672-FMO-MAA<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:        June 27, 2024<br>Time:        10:00 a.m.<br>Location:   Courtroom 6D<br>Judge:      Hon. Fernando M. Olguin |

DEFS' RJN AND NOTICE OF DOCS.
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

Defendants Acelyrin, Inc. ("Acelyrin"), Shao-Lee Lin, Mardi C. Dier, Bruce C. Cozadd, Dan Becker, Alan B. Colowick, Henry O. Gosebruch, Patrick Machado, Beth Seidenberg, and Dawn Svoronos ("Defendants") respectfully request that the Court consider the following documents in connection with their Motion to Dismiss the FAC (the "Motion"). True and correct copies of the documents, or excerpts thereof, are attached as exhibits to the accompanying Declaration of Boris Feldman.

## ARGUMENT

When resolving a motion to dismiss in a securities case, a court "must consider ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007); *accord In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875-76 (9th Cir. 2012). The documents that Defendants cite in support of the Motion are (1) properly subject to judicial notice pursuant to Fed. R. Evid. 201, and/or (2) incorporated by reference into the FAC.

### I.   THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION.

The Court may take judicial notice of information "not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 201(c)(2) ("The court ... must take judicial notice if a party requests it and the court is supplied with the necessary information."). Federal courts thus "routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints." *Ardolino v. MannKind*, 2016 WL 4505172, *4 (C.D. Cal. Aug. 23, 2016).

#### A.   SEC Filings

SEC filings are "subject to judicial notice." *Metzler Inv. GMBH v. Corinthian*

DEFS' RJN AND NOTICE OF DOCS.
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

*Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).  They are publicly available on the SEC's website and not subject to dispute.  *See Reed v. Amira Nature Foods*, 2016 WL 6571281, *3 n.4 (C.D. Cal. July 18, 2016) (Olguin, J.) (judicially noticing SEC filings); *see also Strezsak v. Ardelyx*, 2024 WL 1160900, *4 (N.D. Cal. Mar. 18, 2024) (same); *McGee v. Am. Oriental Bioengineering*, 2014 WL 12586107, *1 n.2 (C.D. Cal. Sept. 23, 2014) (Olguin, J.) (same).  This is especially true where, as here, notice is sought not for the truth of the documents' contents, but for "what was disclosed to the market."  *Ardelyx*, 2024 WL 1160900, *4.  Defendants thus request that the Court consider the following exhibits:

- Ex. B: Excerpts of a true and correct highlighted copy of Acelyrin's Prospectus, filed with the SEC on May 5, 2023, on Form 424B4.

- Ex. D: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports First Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on June 15, 2023, on Form 8-K.

- Ex. E: Excerpts of a true and correct copy of Acelyrin's Quarterly Report, filed with the SEC on June 15, 2023, on Form 10-Q.

- Ex. G: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports Second Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on August 14, 2023, on Form 8-K.

- Ex. H: Excerpts of a true and correct copy of Acelyrin's Quarterly Report, filed with the SEC on August 14, 2023, on Form 10-Q.

- Ex. O: Excerpts of a true and correct highlighted copy of Acelyrin's Quarterly Report, filed with the SEC on November 9, 2023, on Form 10-Q.

- Ex. P: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Provides Update On Izokibep Clinical Development Program," filed with the SEC on November 27, 2023, on Form 8-K.

- Ex. Q: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Announces Long-Term 32-Week Data from the Phase 2b

Trial of Izokibep in Hidradenitis Suppurativa Demonstrating Sustained Response and Deepening Clinical Benefit - Improving Quality of Life for Patients," filed with the SEC on March 11, 2024, on Form 8-K.

- Ex. R: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Announces Positive Top-line Results from Its Global Phase 2b/3 Clinical Trial of Izokibep in Psoriatic Arthritis," filed with the SEC on March 11, 2024, on Form 8-K.

- Ex. U: A compilation of true and correct highlighted copies of Statements of Changes in Beneficial Ownership for Mr. Becker, Ms. Dier, Mr. Gosebruch, Ms. Seidenberg, and Ms. Svoronos, filed with the SEC on May 11, 2023, on Forms 4.

**B.      Press Releases and Presentations**

Courts similarly may notice press releases and public presentations. *See Cheng v. Activision Blizzard*, 2022 WL 2101919, *6 (C.D. Cal. Apr. 18, 2022) (judicially noticing defendants' press releases); *Kipling v. Flex*, 2020 WL 7261314, *7 (N.D. Cal. Dec. 10, 2020) (same, for investor presentations), *aff'd sub nom. Nat'l Elevator Indus. Pension Fund v. Flex*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021); *Waterford Twp. Police v. Mattel*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (same), *aff'd sub nom. Castro v. Mattel*, 794 F. App'x 669 (9th Cir. 2020); *MannKind*, 2016 WL 4505172, *4 (same, for press releases).   Defendants thus request that the Court consider the following exhibits:

- Ex. A: A true and correct highlighted copy of Acelyrin's March 18, 2023 press release, titled "ACELYRIN, INC. Announces Izokibep Achieves HiSCR100 Responses At 12 Weeks In Moderate-To-Severe Hidradenitis Suppurativa."

- Ex. F: Excerpts of a true and correct highlighted copy of Acelyrin's August 1, 2023 presentation, titled "Accelerating Medicines to Transform Patients' Lives."

- Ex. J: A true and correct highlighted copy of Acelyrin's September 11, 2023

DEFS' RJN AND NOTICE OF DOCUMENTS                              3
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

press release, titled "ACELYRIN, INC. Announces Top-Line Results From Placebo-Controlled Clinical Trial Of Izokibep For Moderate-To-Severe Hidradenitis Suppurativa."

- Ex. K: Excerpts of a true and correct highlighted copy of Acelyrin's September 11, 2023 presentation, titled "Izokibep in Hidradenitis Suppurativa Top-line Week 16 Data for Part B Placebo-controlled RCT."

### C.    Conference Call Transcripts

Conference call transcripts "are public documents the accuracy of which is not reasonably subject to dispute." *Flex*, 2020 WL 7261314, *7 (judicially noticing "transcripts from earnings calls, investor and analyst conferences" "for the purpose of demonstrating what [defendants] said to the market"). They are therefore properly subject to judicial notice. *See Berg v. Velocity Fin.*, 2021 WL 268250, *2 (C.D. Cal. Jan. 25, 2021) (judicially noticing conference call transcript); *Waterford*, 321 F. Supp. 3d at 1143 (same); *MannKind*, 2016 WL 4505172, *4 (same). Defendants thus request that the Court consider the following exhibits:

- Ex. I: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's August 14, 2023 earnings call.

- Ex. L: A true and correct highlighted copy of the transcript of Acelyrin's September 11, 2023 investor call.

- Ex. M: Excerpts of a true and correct highlighted copy of the transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference.

- Ex. N: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's November 7, 2023 earnings call.

### D.    Analyst Reports

The Court may take judicial notice of analyst reports "to consider whether and when certain information became available to investors." *Waterford*, 321 F. Supp. 3d at 1144; *see also Wilson v. Edison Int'l*, 2016 WL 7469601, *6 (C.D. Cal. July 6, 2016) (judicially noticing analyst reports); *In re Century Aluminum Co. Sec. Litig.*,

2011 WL 830174, *9 (N.D. Cal. Mar. 3, 2011) ("[C]ourts routinely take judicial notice of analyst reports ... to determine what may or may not have been disclosed to the public."), *aff'd,* 729 F.3d 1104 (9th Cir. 2013).  Defendants thus request that the Court consider the following exhibits:

- Ex. C: Excerpts of a true and correct highlighted copy of TD Cowen's May 30, 2023 report, titled "Initiation: Diamonds are a Biotech Investor's Best Friend."

**E.      Other Publicly Available Documents**

At the motion to dismiss stage, a court may judicially notice "matters of public record."  *Velocity*, 2021 WL 268250, *2.  This includes government agency documents and public information on government websites.  *See Burton v. AbbVie*, 2023 WL 6396667, *2 n.3 (C.D. Cal. Sept. 25, 2023) (Olguin, J.) (judicially noticing "publicly-available FDA records," including the "drug approval package"); *see also Davis v. Kroger*, 2023 WL 9511156, *3 (C.D. Cal. Sept. 22, 2023) (FDA documents are "federal agency documents that courts have deemed proper for judicial notice"). Courts may also judicially notice academic articles.  *See Kim v. Allakos*, 2022 WL 976974, *3 (N.D. Cal. Mar. 31, 2022) (judicially noticing scholarly article); *In re Tibco Software*, 2006 WL 2844421, *1 n.1 (N.D. Cal. Sept. 29, 2006) (same). Defendants request that the Court thus consider the following exhibits:

- Ex. S: Excerpts of a true and correct highlighted copy of the academic article *Comparison of Alternative Strategies for Analysis of Longitudinal Trials with Dropouts* by Guanghan Liu and A. Lawrence Gould, published in the Journal of Biopharmaceutical Statistics, Vol. 12, No. 2, pp. 207-226 (2002).
- Ex. T: Excerpts of a true and correct highlighted copy of HUMIRA's Drug Approval Package, submitted to the FDA, available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2019/125057Orig1s393 .pdf.

## II. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE.

A court may consider documents incorporated by reference on a motion to dismiss. *Rigel*, 697 F.3d at 875-76. A document is incorporated by reference if the complaint refers to it "extensively" or if it "forms the basis of the plaintiff's claim." *Ardelyx*, 2024 WL 1160900, *3; *see In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, *6 (N.D. Cal. Mar. 29, 2019) (reference to document in two paragraphs sufficient). A document "forms the basis" of a claim "when it serves as the foundation for an element of the claim." *Callen v. Resonant*, — F. Supp. 3d —, 2023 WL 9348105, *1 (C.D. Cal. Dec. 27, 2023) (SEC filings allegedly "contain[ing] material misrepresentations and omissions" formed the basis of plaintiff's securities claims).

Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Waswick v. Torrid Holdings*, 2023 WL 9197563, *2 (C.D. Cal. Dec. 1, 2023). Documents incorporated by reference are therefore treated "as though they are part of the complaint itself," and the Court is "free to refer to any of [their] contents." *Ardelyx*, 2024 WL 1160900, *3. While the documents "may not be considered *solely* to dispute *well-pled* facts," they may be considered in evaluating "conclusory allegations" about their contents. *Id.*

District courts in the Ninth Circuit thus routinely consider SEC filings and other public documents that are incorporated by reference in securities cases. *See Torrid*, 2023 WL 9197563, *2 (incorporation by reference proper because complaint "quotes extensively" from those documents "when alleging false and/or misleading statements therein"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020) (same, because "alleged false statements must be analyzed in context"); *see also Wyatt v. Mattel*, 2020 WL 364324, *3 (C.D. Cal. Jan. 21, 2020) (same, for earnings call transcripts and SEC filings referenced in complaint). Accordingly, Defendants request that the Court consider the following documents:

### A.    SEC Filings

- Ex. B: Excerpts of a true and correct highlighted copy of Acelyrin's Prospectus, filed with the SEC on May 5, 2023, on Form 424B4, referenced at ¶¶4, 55-57, 197, 200, 210, 212-221, 250-252, 299-302, 306-307, 340, 344, 349-352, 356, which also forms the basis of Plaintiffs' Exchange Act and Securities Act claims.

- Ex. D: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports First Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on June 15, 2023, on Form 8-K, referenced at ¶¶105-106, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. E: Excerpts of a true and correct copy of Acelyrin's Quarterly Report, filed with the SEC on June 15, 2023, on Form 10-Q, referenced at ¶¶107-109, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. G: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports Second Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on August 14, 2023, on Form 8-K, referenced at ¶¶127, 130, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. H: Excerpts of a true and correct copy of Acelyrin's Quarterly Report, filed with the SEC on August 14, 2023, on Form 10-Q, referenced at ¶¶128-130, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. O: Excerpts of a true and correct copy of Acelyrin's Quarterly Report, filed with the SEC on November 9, 2023, on Form 10-Q, referenced at ¶¶154-159, 329-334, which also form the basis of Plaintiffs' Exchange Act claims.

- Ex. P: A true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Provides Update On Izokibep Clinical Development Program," filed with the SEC on November 27, 2023, on Form 8-K, referenced at ¶¶16, 161, 336, which also forms the basis of Plaintiffs' Exchange Act

claims.

**B.       Press Releases and Presentations**

- Ex. F: Excerpts of a true and correct highlighted copy of Acelyrin's August 1, 2023 presentation, titled "Accelerating Medicines to Transform Patients' Lives," referenced at ¶¶42, 120-121, 236, which also form the basis of Plaintiffs' Exchange Act claims.

- Ex. J: A true and correct highlighted copy of Acelyrin's September 11, 2023 press release, titled "ACELYRIN, INC. Announces Top-Line Results From Placebo-Controlled Clinical Trial Of Izokibep For Moderate-To-Severe Hidradenitis Suppurativa," referenced at ¶¶133-135, 308-310, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. K: Excerpts of a true and correct highlighted copy of Acelyrin's September 11, 2023 presentation, titled "Izokibep in Hidradenitis Suppurativa Top-line Week 16 Data for Part B Placebo-controlled RCT," used during the investor call referenced at ¶¶43, 136-140, 237, 311-315.

**C.       Conference Call Transcripts**

- Ex. I: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's August 14, 2023 earnings call, referenced at ¶¶131-132, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. L: A true and correct highlighted copy of the transcript of Acelyrin's September 11, 2023 investor call, referenced at ¶¶43, 136-140, 237, 311-315, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. M: Excerpts of a true and correct highlighted copy of the transcript of the September 13, 2023 Morgan Stanley Global Healthcare Conference, referenced at ¶¶147-148, 322-323, which also forms the basis of Plaintiffs' Exchange Act claims.

- Ex. N: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's November 7, 2023 earnings call, referenced at ¶¶150-151, 325-326,

which also forms the basis of Plaintiffs' Exchange Act claims.

**D.     Analyst Reports**

- Ex. C: Excerpts of a true and correct highlighted copy of TD Cowen's May 30, 2023 report, titled "Initiation: Diamonds are a Biotech Investor's Best Friend," referenced at ¶¶32, 37-38, 82, 104, 166, 226, 231-232, 277.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the above-referenced documents in support of their Motion to Dismiss.

Dated: May 3, 2024          FRESHFIELDS BRUCKHAUS DERINGER US LLP


                            By: /s/ *Boris Feldman*
                                 Boris Feldman

                            *Attorneys for Defendants Acelyrin, Inc., Shao-Lee Lin, Mardi C. Dier, Bruce C. Cozadd, Dan Becker, Alan B. Colowick, Henry O. Gosebruch, Patrick Machado, Beth Seidenberg and Dawn Svoronos*

DEFS' RJN AND NOTICE OF DOCUMENTS
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

9