BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone:   (650) 618-9250

*Attorneys for Defendants Acelyrin, Inc.,
Shao-Lee Lin, Mardi C. Dier, Bruce C.
Cozadd, Dan Becker, Alan B. Colowick,
Henry O. Gosebruch, Patrick Machado,
Beth Seidenberg and Dawn Svoronos*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KAMEL BOUKADOUM, FRED BERGMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ACELYRIN, INC., SHAO-LEE LIN, MARDI C. DIER, BRUCE C. COZADD, DAN BECKER, ALAN B. COLOWICK, HENRY O. GOSEBRUCH, PATRICK MACHADO, BETH SEIDENBERG, and DAWN SVORONOS, <br><br> Defendants. | Case No. 2:23-cv-09672-FMO-MAA <br><br> **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Hon. Fernando M. Olguin <br> Courtroom 6D |

DEFS' NOTICE OF SUPP'L AUTHORITY ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice of Supplemental Authority in support of their pending Motion to Dismiss Plaintiffs' Amended Complaint, ECF 52 ("Motion").

On August 2, 2024, the court in *Fernandes v. Centessa Pharms. plc*, 2024 WL 3638254 (S.D.N.Y. Aug. 2, 2024) ("Op.") (annexed as Exhibit A), dismissed securities fraud claims arising from analogous circumstances as here:

- the IPO of a clinical-stage biopharma company seeking to develop novel therapies that are differentiated from those on the market, Op.*1-2; Motion.4-6; Defs.' Reply, ECF 56 ("Reply").3-4;

- a Registration Statement and Prospectus with challenged statements or omissions about, *inter alia*, the potential and/or hypothesis of a drug candidate and progress of its development program, Op.*5-8; Motion.6-8; Reply.3-4;

- a Registration Statement and Prospectus containing cautionary language and risk factors, including the "high" risk of failure in drug development, that earlier clinical trials are not predictive of later ones, that many biopharma companies have suffered "significant setbacks" despite earlier promising results, and that difficulties in enrolling or retaining participants could impact clinical trial timing or result in its failure, Op.*8-10; Motion.7; Reply.3-4; and

- a setback in the development program followed by a stock drop; in *Centessa*, the development program was shut down, Op.*1; Motion.12-13.

The court in *Centessa* dismissed the complaint on multiple grounds, including several applicable to Defendants' Motion.

*First*, the court in *Centessa* underscored that challenged statements in securities cases must be read in context and are limited to statements actually made, not as mischaracterized by a plaintiff. Op.*22; *see* Reply.4, 9-12. The court also held that plaintiffs cannot manufacture omissions if the allegedly omitted information

was actually disclosed, Op.*18-19; *see* Motion.5-6, 8, 10; Reply.3.

*Second*, the court held that the bespeaks caution doctrine required dismissal. Op.*21-22.  The challenged disclosures, read in their entirety, were "replete" with "extensive" cautionary language that "warn[ed] of the exact risk that later materialized," including failure of the investigational program.  Op.*20; *see* Motion.7, 9 & nn.5, 7, 8; Reply.3-4.

*Third*, the court held that several challenged statements about the drug's clinical prospects, including those interpreting clinical data, were inactionable opinion.  Op.*18-20; *see* Motion.24-25; Reply.12-13.  To the extent the opinions conveyed any facts, the plaintiffs had failed to plead that such facts were false or inaccurate.  Op.*18; *see* Motion.24-25; Reply.12-13.

*Finally*, the court held that "critiques" or "mere[] disagree[ment]" with defendants' clinical study design or chosen methodology are inactionable as securities fraud.  Op.*18, *20; *see* Motion.23 & n.17; Reply.12.

For these reasons and those in Defendants' Motion, the Amended Complaint should be dismissed.

Dated: August 8, 2024          FRESHFIELDS BRUCKHAUS DERINGER US LLP


                              By: /s/ *Boris Feldman*
                                  Boris Feldman