BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Acelyrin, Inc.,
Shao-Lee Lin, Mardi C. Dier, Bruce C.
Cozadd, Dan Becker, Alan B. Colowick,
Henry O. Gosebruch, Patrick Machado,
Beth Seidenberg and Dawn Svoronos*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| KAMEL BOUKADOUM and ESTATE OF FRED BERGMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ACELYRIN, INC., SHAO-LEE LIN, MARDI C. DIER, BRUCE C. COZADD, DAN BECKER, ALAN B. COLOWICK, HENRY O. GOSEBRUCH, PATRICK MACHADO, BETH SEIDENBERG, and DAWN SVORONOS,<br><br>Defendants. | Case No.: 2:23-cv-09672-FMO-MAA<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>Hearing</u><br>Date:       March 19, 2026<br>Time:       10:00 a.m.<br>Location:  Courtroom 6D, 6th Floor<br>Judge:     Hon. Fernando M. Olguin |

DEFS' RJN AND NOTICE OF DOCS.
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION ............................................................................................................1

ARGUMENT....................................................................................................................1

I.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC
      INFORMATION. ...................................................................................................1

      A.    SEC Filings ................................................................................................2

      B.    Press Releases and Presentations ..............................................................3

      C.    Conference Call Transcripts ......................................................................5

      D.    Other Publicly Available Documents ........................................................6

II.   THE COURT MAY CONSIDER DOCUMENTS INCORPORATED
      BY REFERENCE..................................................................................................8

      A.    SEC Filings ..............................................................................................10

      B.    Press Releases and Presentations ............................................................10

      C.    Conference Call Transcripts ....................................................................10

      D.    Other Publicly Available Documents ......................................................11

CONCLUSION...............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Ardolino v. MannKind*,
  2016 WL 4505172 (C.D. Cal. Aug. 23, 2016) ............................................. 1, 4, 5

*Burton v. AbbVie*,
  2023 WL 6396667 (C.D. Cal. Sept. 25, 2023) ...................................................... 6

*Callen v. Resonant*,
  709 F.Supp.3d 1021 (C.D. Cal. 2023) ................................................................. 9

*Cheng v. Activision Blizzard*,
  2022 WL 2101919 (C.D. Cal. Apr. 18, 2022) ...................................................... 3

*Davis v. Kroger*,
  2023 WL 9511156 (C.D. Cal. Sept. 22, 2023) ..................................................... 6

*Davis v. Salesforce.com*,
  2020 WL 5893405 (N.D. Cal. Oct. 5, 2020) ........................................................ 5

*In re Eventbrite, Inc. Sec. Litig.*,
  2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ...................................................... 9

*Kim v. Allakos*,
  2022 WL 976974 (N.D. Cal. Mar. 31, 2022) ....................................................... 6

*Kipling v. Flex*,
  2020 WL 7261314 (N.D. Cal. Dec. 10, 2020),
  *aff'd*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021) ........................................... 3, 5

*McGee v. Am. Oriental Bioengineering*,
  2014 WL 12586107 (C.D. Cal. Sept. 23, 2014) ................................................... 2

*Metzler Inv. GMBH v. Corinthian Colls.*,
  540 F.3d 1049 (9th Cir. 2008) ............................................................................ 2

*Miller v. Farris*, 2023 WL 4680370 (C.D. Cal. June 14, 2023),
  *R&R adopted*, 2023 WL 4850749 (C.D. Cal. July 28, 2023),
  *aff'd*, 2025 WL 2938556 (9th Cir. Oct. 16, 2025) ............................................... 6

*Prodanova v. H.C. Wainwright & Co.*,
 2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ........................................................ 5

*Ramos v. Comerica*,
 2024 WL 2104398 (C.D. Cal. Apr. 12, 2024) ......................................................... 6

*Reed v. Amira Nature Foods*,
 2016 WL 6571281 (C.D. Cal. July 18, 2016) ..................................................... 1, 2

*In re Rigel Pharm., Inc. Sec. Litig.*,
 697 F.3d 869 (9th Cir. 2012) .............................................................................. 1, 8

*Strezsak v. Ardelyx*,
 2024 WL 1160900 (N.D. Cal. Mar. 18, 2024) .................................................... 2, 9

*Swift v. Zynga Game Network*,
 2010 WL 4569889 (N.D. Cal. Nov. 3, 2010) .......................................................... 6

*Tellabs v. Makor Issues & Rights*,
 551 U.S. 308 (2007) ............................................................................................... 1

*In re Tibco Software*,
 2006 WL 2844421 (N.D. Cal. Sept. 29, 2006) ....................................................... 6

*Vignola v. FAT Brands*,
 2019 WL 6138473 (C.D. Cal. June 14, 2019) ........................................................ 9

*Waswick v. Torrid Hldgs.*,
 2023 WL 9197563 (C.D. Cal. Dec. 1, 2023) .......................................................... 9

*Waterford Twp. Police v. Mattel*,
 321 F.Supp.3d 1133(C.D. Cal. 2018),
 *aff'd*, 794 F.App'x 669 (9th Cir. 2020) ............................................................. 3, 5

*Wyatt v. Mattel*,
 2020 WL 364324 (C.D. Cal. Jan. 21, 2020) ........................................................... 9

**Rules**

Fed. R. Evid. 201 ..................................................................................................... 1

**INTRODUCTION**

Defendants respectfully request that the Court consider the following documents and matters, for the limited purposes noted below, in connection with Defendants' Motion to Dismiss, ECF-75.[1]  True and correct copies of the documents, or excerpts thereof, are attached as exhibits to the Feldman Declaration, ECF-75-6.

**ARGUMENT**

When resolving a motion to dismiss in a securities case, a court "must consider ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007); *accord In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875-76 (9th Cir. 2012).  The documents and matters that Defendants cite in support of Defendants' Motion to Dismiss are (1) properly subject to judicial notice pursuant to Fed. R. Evid. 201, and/or (2) incorporated by reference into the SAC.

**I.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION.**

The Court may take judicial notice of information "not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 201(c)(2) ("The court ... must take judicial notice if a party requests it and the court is supplied with the necessary information.").  Federal courts "routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints." *Ardolino v. MannKind*, 2016 WL 4505172, *4 (C.D. Cal. Aug. 23, 2016).

Judicial notice is appropriate to consider what was disclosed to the market, *Reed v.*

---

[1] Terms as defined in Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint; Memorandum of Points & Authorities, ECF-75.

*Amira Nature Foods*, 2016 WL 6571281, *n.4 & *7-8 (C.D. Cal. July 18, 2016); *see also Strezsak v. Ardelyx*, 2024 WL 1160900, *3-4, *6-7 (N.D. Cal. Mar. 18, 2024), and matters that are not disputed, *McGee v. Am. Oriental Bioengineering*, 2014 WL 12586107, *n.2 (C.D. Cal. Sept. 23, 2014); *see also Ardelyx*, 2024 WL 1160900, *4.

### A.   SEC Filings

SEC filings are "subject to judicial notice." *Metzler Inv. GMBH v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).  They are publicly available on the SEC's website and not subject to dispute.  *See Reed*, 2016 WL 6571281, *n.4 (C.D. Cal. July 18, 2016) (taking judicial notice of SEC filings); *see also Ardelyx*, 2024 WL 1160900, *3-4 (same); *McGee*, 2014 WL 12586107, *n.2 (same).  Defendants request that the Court take judicial notice of the following documents and matters for the purposes described below:

- ExB: Excerpts of a true and correct highlighted copy of Acelyrin's Amendment No. 2 to its Registration Statement, filed with the SEC on May 3, 2023, on Form S-1/A, to show what Acelyrin disclosed to the market, including regarding its business, izokibep program, and extensive cautionary language and risk factors, which the SAC does not and cannot dispute.

- ExC: Excerpts of a true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports First Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on June 15, 2023, on Form 8-K, to show that Acelyrin announced accelerated timing for Part B's top-line results and that a DMC had reviewed interim unblinded Part B data, observed no safety concerns, and confirmed dosage for the then-actively enrolling separate Phase 3 trial of izokibep in HS, which the SAC does not and cannot dispute.

- ExD: Excerpts of a true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Reports Second Quarter 2023 Financial Results and Recent Highlights," filed with the SEC on August 14, 2023, on Form 8-K, to show Acelyrin announced that a DMC had reviewed interim unblinded Part B data and

DEFS' RJN AND NOTICE OF DOCS.                    - 2 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

confirmed dosage for a separate Phase 3 trial of izokibep in HS, which the SAC does not and cannot dispute.

- ExJ: Excerpts of a true and correct highlighted copy of Acelyrin's Quarterly Report, filed with the SEC on November 9, 2023, on Form 10-Q, to show what Acelyrin disclosed to the market, including regarding the impact of disproportionate responder discontinuances and high placebo rates on Part B's results, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6.

- ExK: Excerpts of a true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Announces Long-Term 32-Week Data from the Phase 2b Trial of Izokibep in Hidradenitis Suppurativa Demonstrating Sustained Response and Deepening Clinical Benefit - Improving Quality of Life for Patients," filed with the SEC on March 11, 2024, on Form 8-K, to show that Acelyrin announced Part B continued through week 32 and the positive topline week 32 data, which the SAC does not and cannot dispute.

- ExL: Excerpts of a true and correct highlighted copy of Acelyrin's press release, titled "ACELYRIN, INC. Announces Positive Phase 3 Data for Izokibep in Hidradenitis Suppurativa; Focuses Strategy on Lonigutamab and Reports Second Quarter 2024 Financial Results," filed with the SEC on August 13, 2024, on Form 8-K, to show that Acelyrin announced the separate Phase 3 trial of izokibep in HS met its primary endpoint, which the SAC does not and cannot dispute.

**B.    Press Releases and Presentations**

Courts similarly may take judicial notice of public press releases and presentations. *See Cheng v. Activision Blizzard*, 2022 WL 2101919, *6 (C.D. Cal. Apr. 18, 2022) (taking judicial notice of defendants' press releases); *Kipling v. Flex*, 2020 WL 7261314, *7 (N.D. Cal. Dec. 10, 2020) (same, for investor presentations, to show "what … [defendants] said to the market"), *aff'd*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021); *Waterford Twp. Police v. Mattel*, 321 F.Supp.3d 1133, 1143 (C.D. Cal. 2018) (same), *aff'd*, 794 F.App'x 669 (9th

DEFS' RJN AND NOTICE OF DOCS.                    - 3 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

Cir. 2020); *MannKind*, 2016 WL 4505172, *4 (same, for press releases, to show "what statements were made and how [they] relate to the allegations in Plaintiffs' Complaint"). Defendants request that the Court take judicial notice of the following documents and matters for the purposes described below:

- ExA: A true and correct highlighted copy of Acelyrin's March 18, 2023 press release, titled "ACELYRIN, INC. Announces Izokibep Achieves HiSCR100 Responses At 12 Weeks In Moderate-To-Severe Hidradenitis Suppurativa," to show Acelyrin's announcement that, based on Part A results, Acelyrin planned to initiate a separate Phase 3 trial of izokibep in HS, which the SAC does not and cannot dispute.

- ExE: A true and correct highlighted copy of Acelyrin's September 11, 2023 press release, titled "ACELYRIN, INC. Announces Top-Line Results From Placebo-Controlled Clinical Trial Of Izokibep For Moderate-To-Severe Hidradenitis Suppurativa," to show what Acelyrin disclosed to the market, including regarding the impact on Part B's results from disproportionate responder discontinuations and high placebo response rates, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6.

- ExF: Excerpts of a true and correct highlighted copy of Acelyrin's September 11, 2023 presentation, titled "Izokibep in Hidradenitis Suppurativa Top-line Week 16 Data for Part B Placebo-controlled RCT," to show (i) what Acelyrin disclosed to the market, including regarding the impact on Part B's results from disproportionate responder discontinuations and high placebo response rates, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6; (ii) that Part B was over-enrolled (150 patients planned; 175 enrolled and treated) and the numbers of patients in Part B's izokibep and placebo arms, which the SAC concedes, ¶¶43, 85; and (iii) Part B's overall discontinuation rate at trial-end (17.7%), which the SAC concedes, ¶¶ 69(e), 82.

- ExM: Excerpts of a true and correct highlighted copy of Affibody's February 2, 2025 press release, titled "Affibody Regains Worldwide Rights to Izokibep," to show the announcement that izokibep development and commercialization rights reverted to Affibody, which the SAC does not and cannot dispute.[2]

- ExN: Excerpts of a true and correct highlighted copy of Affibody's September 19, 2025 press release, titled "Positive 16-week Phase 3 Data of Izokibep in Hidradenitis Suppurativa Presented at EADV 2025," to show the announcement that the separate Phase 3 trial of izokibep in HS achieved its primary endpoint, which the SAC does not and cannot dispute.

### C.    Conference Call Transcripts

Conference call transcripts "are public documents the accuracy of which is not reasonably subject to dispute." *Flex*, 2020 WL 7261314, *7 (taking judicial notice of "transcripts from earnings calls, investor and analyst conferences" "for the purpose of demonstrating what [defendants] said to the market"). They are therefore properly subject to judicial notice. *See Berg v. Velocity Fin.*, 2021 WL 268250, *2 (C.D. Cal. Jan. 25, 2021) (taking judicial notice of conference call transcript); *Waterford*, 321 F.Supp.3d at 1143 (same); *MannKind*, 2016 WL 4505172, *4 (same). Defendants request that the Court take judicial notice of the following documents and matters for the purposes described below:

- ExG: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's September 11, 2023 investor call, to show what Acelyrin disclosed to the market, including regarding the impact on Part B's results from disproportionate responder discontinuations and high placebo response rates, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6.

- ExH: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's

---

[2] Courts regularly consider non-party press releases. *See Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, *5 (C.D. Cal. Dec. 11, 2018); *see also Davis v. Salesforce.com*, 2020 WL 5893405, *n.2 (N.D. Cal. Oct. 5, 2020).

DEFS' RJN AND NOTICE OF DOCS.                    - 5 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

comments at the September 13, 2023 Morgan Stanley Global Healthcare Conference, to show what Acelyrin disclosed to the market, including regarding the impact on Part B's results from disproportionate responder discontinuations and high placebo response rates, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6.

- ExI: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's November 7, 2023 earnings call, to show what Acelyrin disclosed to the market, including regarding the impact on Part B's results from disproportionate responder discontinuations and high placebo response rates, which the SAC concedes, ¶¶69(e), 115-117, 127, 136-137 & n.6.

### D.    <u>Other Publicly Available Documents</u>

At the motion to dismiss stage, a court may take judicial notice of "matters of public record." *Velocity*, 2021 WL 268250, *2. This includes government agency documents and public information on government websites. *See Burton v. AbbVie*, 2023 WL 6396667, *n.3 (C.D. Cal. Sept. 25, 2023) (taking judicial notice of "publicly-available FDA records," including "drug approval package"); *see also Davis v. Kroger*, 2023 WL 9511156, *3 (C.D. Cal. Sept. 22, 2023) (FDA documents are "federal agency documents that courts have deemed proper for judicial notice"); *Miller v. Farris*, 2023 WL 4680370, *n.2 (C.D. Cal. June 14, 2023) (taking judicial notice of National Institutes of Health ("NIH") reports), *R&R adopted*, 2023 WL 4850749 (C.D. Cal. July 28, 2023), *aff'd*, 2025 WL 2938556 (9th Cir. Oct. 16, 2025). Courts may also take judicial notice of academic articles. *See Kim v. Allakos*, 2022 WL 976974, *3 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of scholarly article); *In re Tibco Software*, 2006 WL 2844421, *n.1 (N.D. Cal. Sept. 29, 2006) (same). It is also proper for courts to take judicial notice of a "full copy of an article quoted in the [complaint]." *Swift v. Zynga Game Network*, 2010 WL 4569889, *n.2 (N.D. Cal. Nov. 3, 2010); *accord Ramos v. Comerica*, 2024 WL 2104398, *n.1 (C.D. Cal. Apr. 12, 2024). Defendants request that the Court take judicial notice of the following documents and

matters for the purposes described below:

- ExO: Excerpts of a true and correct highlighted copy of the NIH Clinical Trials webpage titled "Hidradenitis Suppurativa Study of Izokibep," available at https://clinicaltrials.gov/study/NCT05905783, to show that the separate Phase 3 trial of izokibep in HS had already begun enrolling in June 2023, which the SAC does not and cannot dispute.

- ExP: Excerpts of a true and correct highlighted copy of HUMIRA's Drug Approval Package, submitted to the FDA, available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2019/125057Orig1s393.pdf, to show it was public that HUMIRA's registrational studies used NRI, which the SAC does not and cannot dispute.

- ExQ: A true and correct highlighted copy of FDA Guidance, titled "Guidance for Sponsors, Clinical Investigators, and IRBs – Data Retention When Subjects Withdraw from FDA-Regulated Clinical Trials," published in 2008, available at https://www.fda.gov/media/75138/download, to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶45 n.3.

- ExR: A true and correct highlighted copy of European Medicines Agency ("EMA") guidance, titled "Guideline on Missing Data in Confirmatory Clinical Trials," published in 2009, available at https://www.ema.europa.eu/en/documents/scientific-guideline/draft-guideline-missing-data-confirmatory-clinical-trials_en.pdf, to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶45 n.4.

- ExS: A true and correct highlighted copy of FDA Guidance, titled "Guidance for Industry, Oversight of Clinical Investigations – A Risk-Based Approach to Monitoring," published in 2013, available at https://www.fda.gov/media/116754/download, to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶79.

- ExT: A true and correct highlighted copy of FDA Guidance, titled "A Risk-Based Approach to Monitoring of Clinical Investigations Questions and Answers Guidance for Industry," published in 2023, available at https://www.fda.gov/media/121479/download, to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶79.

- ExU: A true and correct highlighted copy of the science journal article titled "Sample size slippages in randomized trials: exclusions and the lost and wayward," by Kenneth F. Schulz and David A. Grimes, published in the Lancet, Vol. 359, pp. 781-785 (2002), to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶69(c) n.5.

- ExV: A true and correct highlighted copy of the science journal article titled "Reporting attrition in randomized controlled trials," by Jo C. Dumville, et al., published in BMJ, Vol. 332, pp. 969-971 (2006), to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶69(c) n.5.

- ExW: A true and correct highlighted copy of the science journal article titled "Loss to follow-up," by Joseph R. Dettori, published in Evidence-Based Spine-Care Journal, Vol. 2, Issue 1, pp. 7-10 (2011), to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶69(c) n.5.

- ExX: A true and correct highlighted copy of the science journal article titled "Reporting of Lost to Follow-Up and Treatment Discontinuation in Pharmacotherapy and Device Trials in Chronic Heart Failure," by Ross T. Campbell, et al., published in Circulation: Heart Failure, Vol. 9 No. 5, pp. 1-10 (2016), to show the complete contents of the document, which the SAC references and on which the SAC relies, ¶45 n.2.

## II. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE.

A court may consider documents incorporated by reference on a motion to dismiss.

DEFS' RJN AND NOTICE OF DOCS.                     - 8 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

*Rigel*, 697 F.3d at 875-76. A document is incorporated by reference if the complaint refers to it "extensively" or if it "forms the basis of the plaintiff's claim." *Ardelyx*, 2024 WL 1160900, *3; *see In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, *6 (N.D. Cal. Mar. 29, 2019) (reference to document in two paragraphs sufficient). A document "forms the basis" of a claim "when it serves as the foundation for an element of the claim." *Callen v. Resonant*, 709 F.Supp.3d 1021, 1025 (C.D. Cal. 2023) (SEC filings allegedly "contain[ing] material … omissions" formed the basis of plaintiff's securities claims).

Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Waswick v. Torrid Hldgs.*, 2023 WL 9197563, *2 (C.D. Cal. Dec. 1, 2023). Documents incorporated by reference are therefore treated "as though they are part of the complaint itself," and the Court is "free to refer to any of [their] contents." *Ardelyx*, 2024 WL 1160900, *3. While the documents "may not be considered *solely* to dispute *well-pled* facts," they may be considered in evaluating "conclusory allegations" about their contents. *Id.*

District courts in the Ninth Circuit thus routinely consider SEC filings and other public documents that are incorporated by reference in securities cases. *See Torrid*, 2023 WL 9197563, *2 (incorporation by reference proper because complaint "quotes extensively" from those documents "when alleging … misleading statements therein"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020) (same, because alleged misleading statements "must be analyzed in context"); *Vignola v. FAT Brands*, 2019 WL 6138473, *7 (C.D. Cal. June 14, 2019) (same, where "Plaintiffs' claims rely on alleged … omissions made in those documents"); *see also Wyatt v. Mattel*, 2020 WL 364324, *3 (C.D. Cal. Jan. 21, 2020) (same, for earnings call transcripts and SEC filings referenced in complaint). Accordingly, Defendants request that the Court deem as incorporated by reference the following documents for the same purposes described above:

### A. SEC Filings

- ExB: Excerpts of a true and correct highlighted copy of Acelyrin's Amendment No. 2 to its Registration Statement, filed with the SEC on May 3, 2023, on Form S-1/A, referenced at ¶¶1, 4-6, 8-9, 17-28, 30-32, 34-37, 41-42, 46-47, 49-52, 59-66, 90-91, 93, 95, 97, 99, 101, 103, 105-107, 111-112, 143, 147, 150.

- ExJ: Excerpts of a true and correct highlighted copy of Acelyrin's Quarterly Report, filed with the SEC on November 9, 2023, on Form 10-Q, referenced at ¶¶132-137.

### B. Press Releases and Presentations

- ExA: A true and correct highlighted copy of Acelyrin's March 18, 2023 press release, titled "ACELYRIN, INC. Announces Izokibep Achieves HiSCR100 Responses At 12 Weeks In Moderate-To-Severe Hidradenitis Suppurativa," referenced at ¶54.

- ExE: A true and correct highlighted copy of Acelyrin's September 11, 2023 press release, titled "ACELYRIN, INC. Announces Top-Line Results From Placebo-Controlled Clinical Trial Of Izokibep For Moderate-To-Severe Hidradenitis Suppurativa," referenced at ¶¶10, 66, 113-115.

- ExF: Excerpts of a true and correct highlighted copy of Acelyrin's September 11, 2023 presentation, titled "Izokibep in Hidradenitis Suppurativa Top-line Week 16 Data for Part B Placebo-controlled RCT," referenced at ¶¶82, 85.

### C. Conference Call Transcripts

- ExG: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's September 11, 2023 investor call, referenced at ¶¶44, 116-120.

- ExH: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's comments at the September 13, 2023 Morgan Stanley Global Healthcare Conference, referenced at ¶¶127-128.

- ExI: Excerpts of a true and correct highlighted copy of the transcript of Acelyrin's November 7, 2023 earnings call, referenced at ¶¶129-130.

**D.    Other Publicly Available Documents**

- ExQ: A true and correct highlighted copy of FDA Guidance, titled "Guidance for Sponsors, Clinical Investigators, and IRBs – Data Retention When Subjects Withdraw from FDA-Regulated Clinical Trials," published in 2008, available at https://www.fda.gov/media/75138/download, referenced at ¶45 n.3.

- ExR: A true and correct highlighted copy of EMA guidance, titled "Guideline on Missing Data in Confirmatory Clinical Trials," published in 2009, available at https://www.ema.europa.eu/en/documents/scientific-guideline/draft-guideline-missing-data-confirmatory-clinical-trials_en.pdf, referenced at ¶45 n.4.

- ExS: A true and correct highlighted copy of FDA Guidance, titled "Guidance for Industry, Oversight of Clinical Investigations – A Risk-Based Approach to Monitoring," published in 2013, available at https://www.fda.gov/media/116754/download, referenced at ¶79.

- ExT: A true and correct highlighted copy of FDA Guidance, titled "A Risk-Based Approach to Monitoring of Clinical Investigations Questions and Answers Guidance for Industry," published in 2023, available at https://www.fda.gov/media/121479/download, referenced at ¶79.

- ExU: A true and correct highlighted copy of the science journal article titled "Sample size slippages in randomized trials: exclusions and the lost and wayward," by Kenneth F. Schulz and David A. Grimes, published in the Lancet, Vol. 359, pp. 781-785 (2002), referenced at ¶69(c) n.5.

- ExV: A true and correct highlighted copy of the science journal article titled "Reporting attrition in randomized controlled trials," by Jo C. Dumville, et al., published in BMJ, Vol. 332, pp. 969-971 (2006), referenced at ¶69(c) n.5.

- ExW: A true and correct highlighted copy of the science journal article titled "Loss to follow-up," by Joseph R. Dettori, published in Evidence-Based Spine-Care Journal, Vol. 2, Issue 1, pp. 7-10 (2011), referenced at ¶69(c) n.5.

- ExX: A true and correct highlighted copy of the science journal article titled "Reporting of Lost to Follow-Up and Treatment Discontinuation in Pharmacotherapy and Device Trials in Chronic Heart Failure," by Ross T. Campbell, et al., published in Circulation: Heart Failure, Vol. 9 No. 5, pp. 1-10 (2016), referenced at ¶45 n.2.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of and consider the above-referenced documents and matters in support of their Motion to Dismiss.

Dated: February 19, 2026          FRESHFIELDS US LLP


By: */s/ Boris Feldman*
    Boris Feldman

*Attorneys for Defendants Acelyrin, Inc., Shao-Lee Lin, Mardi C. Dier, Bruce C. Cozadd, Dan Becker, Alan B. Colowick, Henry O. Gosebruch, Patrick Machado, Beth Seidenberg and Dawn Svoronos*

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,380 (of 7,000) words, which complies with the word limit in L.R. 11-6.1.

Dated: February 19, 2026                    FRESHFIELDS US LLP


                                            By: */s/ Boris Feldman*
                                                Boris Feldman