BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Acelyrin, Inc.,
Shao-Lee Lin, Mardi C. Dier, Bruce C.
Cozadd, Dan Becker, Alan B. Colowick,
Henry O. Gosebruch, Patrick Machado,
Beth Seidenberg and Dawn Svoronos*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KAMEL BOUKADOUM and ESTATE OF FRED BERGMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> ACELYRIN, INC., SHAO-LEE LIN, MARDI C. DIER, BRUCE C. COZADD, DAN BECKER, ALAN B. COLOWICK, HENRY O. GOSEBRUCH, PATRICK MACHADO, BETH SEIDENBERG, and DAWN SVORONOS, <br><br> Defendants. | Case No.: 2:23-cv-09672-FMO-MAA <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Hearing <br> Date:       March 19, 2026 <br> Time:       10:00 a.m. <br> Location:  Courtroom 6D, 6th Floor <br> Judge:     Hon. Fernando M. Olguin |

Defendants respectfully submit this reply in support of their RJN.[1]

## **INTRODUCTION**

Plaintiffs' Opposition to the RJN ("RJNOpp") mischaracterizes Defendants' request. Plaintiffs wrongly contend that Defendants offer their exhibits to create a "counternarrative" or resolve factual disputes. RJNOpp.1-4. To the contrary, Defendants offered the scientific literature cited in the SAC solely to show its undisputed terms; the September 2023 Part B results disclosure and later press releases about izokibep's success to show limited, undisputed facts and matters; the Prospectus to show what investors undisputedly were told; and Humira's FDA registrational package to show what information undisputedly was public as of the IPO. This Court may take judicial notice of, and consider under the incorporation by reference doctrine, such specifically-identified, undisputed facts, matters, and documents. Plaintiffs' attempt to cast Defendants' exhibits as raising summary judgment challenges similarly fails, as Defendants ask the Court to take judicial notice of, or consider, only matters that are undisputed and indisputable. The RJN should be granted.

## **ARGUMENT**

Plaintiffs concede that the Court may consider ExsA, C-E, I-J, O, Y-AA. RJNOpp.1. They likewise concede the authenticity of the remaining documents, and admit that they are referenced in the SAC and form the basis of Plaintiffs' claims. *Id.* Plaintiffs instead wrongly object to supposed "improper application" of judicial notice and incorporation by reference. *Id.*

### A. **Undisputed Contents of Clinical Literature Relied Upon by Plaintiffs**

Plaintiffs first take issue with the clinical literature, ExsQ-X, that Plaintiffs cite and rely on in the SAC to allegedly support the existence of a supposed 20% "fatal" generalized discontinuation threshold. ¶¶9, 69(c), 84 & n.5. Plaintiffs' objection to these documents

---

[1] Terms as defined in Defendants' opening brief ("MTD"), ECF-75.

DEFS' REPLY ISO RJN AND NOTICE OF DOCS.    - 1 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

is that Defendants supposedly offered them to support a "counternarrative" based on Defendants' "subjective interpretation" of them. RJNOpp.1. That is wrong.[2] Defendants submitted the exhibits not to create "factual disputes" or seek contradictory "inference[s]," RJNOpp.2, but simply to show what the SAC-cited articles do and do not say. *See* RJN.7-9. Contrary to what Plaintiffs represent, the articles do not say, for instance, that general discontinuation "rates approaching 20% are often per se 'fatal' to a trial's outcome." Opp.7. The articles speak for themselves and are now before the Court.[3] *See* RJN.6, 8-9; *see also Bounthon v. Procter & Gamble*, 2024 WL 4495501, *6 (N.D. Cal. Oct. 15, 2024) (considering scientific articles that "underpin[] Plaintiffs' theory"); *Krantz v. Regeneron Pharms.*, 2024 WL 1792769, *4 (C.D. Cal. Apr. 24, 2024) (considering scientific articles used "to support [plaintiffs'] allegations").

### B.    <u>Undisputed Contents of September 2023 Part B Results Disclosure</u>

Plaintiffs next object to the Court's consideration of Acelyrin's September 11, 2023 presentation announcing Part B top-line results (ExF), the transcript of the investor call

---

[2] It is also irrelevant, as Plaintiffs' own authorities, RJNOpp.2, hold. *See In re Apple Sec. Litig.*, 678 F.Supp.3d 1147, 1152-53 (N.D. Cal. 2023) (argument about "defendants' interpretations of the facts … not relevant to" judicial notice; instead "belongs in plaintiffs' opposition to defendants' motion to dismiss").

[3] None of the contested exhibits in Plaintiffs' cases, RJNOpp.1-2, were offered merely to show what those exhibits did and did not say. *See Apple*, 678 F.Supp.3d at 1153 (article offered to show speaker's state of mind); *Cottle v. Plaid*, 536 F.Supp.3d 461, 478 (N.D. Cal. 2021) (policies were not "primary driver behind Plaintiffs' claims" and were offered to rebut well-pled allegations); *Longo v. OSI Sys.*, 2020 WL 3124221, *1-2 (C.D. Cal. Mar. 11, 2020) (defendants "pile[d] on" 58 documents not cited or only briefly referenced in complaint, including to affirmatively argue point of foreign law); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, *1-2 (C.D. Cal. Apr. 15, 2020) (exhibits did not form basis of plaintiffs' claims and were offered affirmatively; defendants did not identify which facts were subject to judicial notice or why); *Cederberg v. Wash. Cnty. Consol. Commc'ns Agency*, 2019 WL 2929505, *6 (D. Or. July 8, 2019) (transcript offered to show speaker's state of mind).

from that day (ExG), and the transcript of Acelyrin's comments at the September 13, 2023 Morgan Stanley Global Healthcare Conference (ExH). RJNOpp.2. Plaintiffs do not dispute that the SAC referred to each of these exhibits and they "form the basis of Plaintiffs' claims." RJNOpp.1. Nor do they dispute these exhibits' authenticity. *Id.* Instead, Plaintiffs claim that Defendants "appear to be using" these documents as evidence of their mental state—to show it "was still Defendants' judgment that, notwithstanding the blinded data, there was no foreseeable issue precluding, or materially threatening, trial success," including given over-enrollment, DMC review of unblinded interim results, and other aspects of izokibep that led it to be successful. RJNOpp.2-3.

Plaintiffs are wrong. Defendants offered these exhibits to show specific undisputed facts and matters, identified in their RJN:

- That, as disclosed to the market, Part B results were impacted by disproportionate responder discontinuances and high placebo rates, *see* ¶¶69(e), 115-118, 127, 136-37 & n.6—neither of which could be known before unblinding.
- Part B was over-enrolled, with 150 patients planned and 175 enrolled and treated. *See* ¶¶43, 85, 95, 115.
- The number of patients in each izokibep and placebo arm. *See* ¶¶43, 85, 88.
- Ultimate overall discontinuation rate for week-16 data was 17.7%. *See* ¶¶69(e), 82.

RJN.4-6, 9-10.

Plaintiffs do not dispute any of those facts; rather, the SAC concedes each of them. They are properly subject to judicial notice and incorporation by reference, as Plaintiffs' own cases, RJNOpp.3, hold. *See In re BioVie Sec. Litig.*, 2025 WL 947667, *7 (D. Nev. Mar. 27, 2025) (taking judicial notice of "decision to increase enrollment in the Study"); *see also* RJN.3-4, 5, 9; *Strezsak v. Ardelyx*, 2024 WL 1160900, *3-4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of facts and matters "not subject to reasonable dispute");

DEFS' REPLY ISO RJN AND NOTICE OF DOCS.    - 3 -
INCORPORATED BY REFERENCE ISO MTD
CASE NO. 2:23-cv-09672-FMO-MAA

*McGee v. Am. Oriental Bioengineering*, 2014 WL 12586107, *n.2 (C.D. Cal. Sept. 23, 2014) (same).   Plaintiffs' cases concerning "disputed facts," RJNOpp.3-4, are thus inapposite.[4]

To the extent Plaintiffs attempt to argue different legal ramifications from these undisputed judicially noticeable facts, they are wrong, as addressed in Defendants' MTD and Reply briefs.  ECF-75; ECF-81.  Regardless, that has no impact on the judicial notice or incorporation by reference analysis.  *See In re Fastly Sec. Litig.*, 2021 WL 5494249, *7 (N.D. Cal. Nov. 23, 2021) (argument that "goes to the merits" not relevant to whether the document "is the proper subject of judicial notice").

**C.    Undisputed Matters in Prospectus and Humira's FDA Approval Package**

Plaintiffs do not challenge the Court's general consideration of the Prospectus (ExB), which Defendants offered to show what investors were undisputedly told on various topics.  RJNOpp.4.  Nor could they, given the SAC's allegation that the Prospectus contained material omissions.  ¶¶5, 7, 9, 69, 92, 94, 96, 98, 100, 102.

Plaintiffs instead complain that the Court should specifically close its eyes to what investors were told about viewing Humira as precedent.  That matter was not offered for its truth but again to show what investors were told and thus what investors should have expected.[5]  *See* RJN.1-2; *see also Strezsak*, 2024 WL 1160900, *3-4 (taking judicial notice

---

[4]  *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1000 (9th Cir. 2018) (noting "dispute as to what the [document] establishes"); *Farrell v. Boeing Emps. Credit Union,* 761 F.App'x 682, 684 n.1 (9th Cir. 2019) (taking judicial notice, but not to resolve whether contents were "true"); *BioVie*, 2025 WL 947667, *7 (same, but not "to resolve factual disputes"); *Wang v. Zymergen*, 744 F.Supp.3d 995, 1006 (N.D. Cal. 2024) (same, but not to "draw further inferences from these facts"); *Poisson v. Aetna Life Ins.*, 488 F.Supp.3d 942, 945 (C.D. Cal. 2020) (same, but not to resolve "disputed facts").

[5]  This includes that investors were told:  Humira was the sole FDA-approved HS therapy, ExB.5, 125, 133, Acelyrin's leadership helped develop Humira, ExB.2, 127; and Acelyrin designed aspects of its Phase 2b/3 trial of izokibep in HS based on Humira's Phase 3 trials and compared its results to Humira's, ExB.137-138.

of what was disclosed to market in SEC filings); *Reed v. Amira Nature Foods*, 2016 WL 6571281, *n.4 & *7-8 (C.D. Cal. July 18, 2016) (same).

The same holds true for Humira's registrational package itself (ExP).  Defendants do not offer it for the truth of the matter, but to show what undisputedly was public:  that Humira's Phase 3 trials, including in its precedential registrational package, used NRI to evaluate HiSCR—whether that was true or not. *See Burton v. AbbVie*, 2023 WL 6396667, *n.3 (C.D. Cal. Sept. 25, 2023) (judicially noticing "publicly-available FDA records," including "drug approval package").

### D.    Undisputed Completion of Part B and Success of Phase 3 Trials

Plaintiffs next challenge excerpts from various press releases, ExsK-N, announcing Part B's completion and the success of two separate Phase 3 trials.  Defendants referenced these documents for limited purposes: to show that Part B continued through week-32 with positive top-line data and the separate Phase 3 trial of izokibep in HS met its primary endpoint.  RJN.3, 5. Plaintiffs do not, and cannot, dispute any of that.  As such, the Court can take judicial notice of those limited matters, as Plaintiffs' authorities, RJNOpp.3, confirm.  *See BioVie*, 2025 WL 947667, *7 (taking judicial notice of "stated [] optimism about [drug's] ultimate viability after the Class Period"); *see also* RJN.3-4 & n.2; *Cheng v. Activision Blizzard*, 2022 WL 2101919, *6 (C.D. Cal. Apr. 18, 2022) (same; facts in press releases).

Plaintiffs instead insist that these undisputed, judicially noticeable facts do not preclude Section 11 liability.  RJNOpp.5.  They are wrong on that legal point (as described in Defendants' MTD briefing, ECF-75; ECF-81), and regardless that does not impact the judicial notice analysis.  *Supra*.4.

Plaintiffs otherwise claim that because the undisputed Phase 3 success came after the putative class period, it is irrelevant.  RJNOpp.6.  That too is incorrect.  Izokibep's success in subsequent trials goes to the very heart of Plaintiffs' theory—that Defendants knew, but omitted, information showing that izokibep's development faced a "death knell."

¶45. *See BioVie*, 2025 WL 947667, *7 (taking judicial notice of pre- and post-class period press releases); *Huang v. Higgins*, 443 F.Supp.3d 1031, 1048 (N.D. Cal. 2020) (same; FDA guidance issued after class period); *In re Hansen Nat. Sec. Litig.*, 527 F.Supp.2d 1142, 1149 n.2 (C.D. Cal. 2007) (same; post-complaint SEC filings). By contrast, none of Plaintiffs' cases, RJNOpp.6, involved clinical trials that ultimately succeeded.

### E.    Defendants Are Not Raising Extrinsic, "Summary Judgment" Challenges

Plaintiffs fall back on the assertion that Defendants "bur[ied]" the Court in "extrinsic" material, RJNOpp.7, but that is false. Plaintiffs concede that virtually all of the exhibits were cited in the SAC and form the basis for their claims, *supra*.1, and that is particularly true for nearly all of the exhibits they now challenge: Q-X (clinical literature), F-H (disclosure concerning Part B results) and B (Prospectus).

As for judicial notice, Defendants specifically identified the limited facts and matters for which they sought judicial notice. Again, Plaintiffs have not disputed a single such fact or matter (and the SAC itself concedes most).

As for incorporation by reference, the submitted exhibits show that the very documents on which Plaintiffs rely preclude their claims. That is the purpose of the incorporation by reference doctrine, and Plaintiffs' own authority makes this clear. The Ninth Circuit explained in *Khoja*, 899 F.3d at 1002, RJNOpp.2, that considering context from incorporated documents is necessary to prevent Plaintiffs from selectively quoting portions, while avoiding those that doom their claims. *See also In re Sorrento Therapeutics Sec. Litig.*, 97 F.4th 634, 639 (9th Cir. 2024) (challenged statements must be analyzed "within the context of each entire" document). In fact, *Khoja* acknowledged that incorporation by reference has a "role[] to play at the pleading stage" and that courts can "accept the truth of matters asserted in incorporated documents," but only resisted incorporation because its sole purpose in that case was to dispute "well-pled" allegations. 899 F.3d at 998, 1002, 1014.

Here, Plaintiffs' mischaracterization of and speculation about Defendants' disclosure and the very sources the SAC relies upon are not well-pleaded allegations. *See In re Eventbrite Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in [*Khoja*] prevents this Court from analyzing an alleged false statement in context."); *see also In re Palo Alto Networks Sec. Litig.*, 2025 WL 1093247, *n.7 (N.D. Cal. Apr. 11, 2025) ("facts drawn from [] incorporated documents" do not "dispute any of Plaintiffs' factual allegations" but "relate to Plaintiffs' conclusory" ones); *Jaszczyszyn v. SunPower*, 2024 WL 3463348, *3 (N.D. Cal. July 17, 2024) (documents "provide additional context surrounding the statements made"); *Strezsak*, 2024 WL 1160900, *3 (courts "need not accept as true conclusory allegations … contradicted by documents referenced in the complaint"); *Waswick v. Torrid Hldgs.*, 2023 WL 9197563, *2-3, *5 (C.D. Cal. Dec. 1, 2023) (reviewing incorporated document to analyze "out-of-context" allegations).[6]

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of and consider the identified documents, facts, and matters in support of their MTD.

---

[6] Plaintiffs' cases, RJNOpp.7, are distinct. In *Blake v. Canoo*, 2022 WL 22919489, *1 (C.D. Cal. July 19, 2022), defendants only "generally cite[d]" to the incorporation-by-reference doctrine, did not specifically identify which documents the court should deem incorporated, and did not indicate which facts should be judicially noticed. Defendants here did both. *See also Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F.Supp.3d 1083, 1096-97 (D. Ariz. 2024) (exhibits offered to "present [defendants'] own version of the facts" and resolve "varying interpretations" and "disputed facts"); *Hsu v. Puma Biotechnology*, 213 F.Supp.3d 1275, 1284 (C.D. Cal. 2016) (request to notice disputed documents, presented for first time with reply brief).

Dated: March 5, 2026

FRESHFIELDS US LLP

By: */s/ Boris Feldman*
        Boris Feldman

*Attorneys for Defendants Acelyrin, Inc., Shao-Lee Lin, Mardi C. Dier, Bruce C. Cozadd, Dan Becker, Alan B. Colowick, Henry O. Gosebruch, Patrick Machado, Beth Seidenberg and Dawn Svoronos*

# CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,251 (of 7,000) words, which complies with the word limit in L.R. 11-6.1.

Dated: March 5, 2026                    FRESHFIELDS US LLP


By: */s/ Boris Feldman*
      Boris Feldman