**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLA ARAMOUNI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACELYRIN, INC., et al.,<br><br>Defendants. | Case No. CV 23-9672 FMO (MAAx)<br><br>**ORDER RE: MOTION TO DISMISS** |

Having reviewed the briefing filed with respect to defendants' Motion to Dismiss the Second Amended Class Action Complaint ("SAC"), (Dkt. 75, "Motion"), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 93-94 (2025) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Citing the doctrines of incorporation-by-reference and judicial notice, defendants ask the court to consider 24 exhibits filed in support of their Motion. (See Dkt. 76, Request For Judicial Notice ("RJN") at 1).

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). "[A] defendant may seek to

incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. (internal quotation marks omitted). But the "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" Id. (internal quotation marks omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." Id.

The instant Motion reflects an improper application of the incorporation-by-reference doctrine. See Khoja, 899 F.3d at 1002-03. As an example, defendants ask the court to incorporate by reference a March 18, 2023, press release published by Acelyrin, (see Dkt. 76, RJN at 10), which is mentioned only once in the SAC. (See Dkt. 74, SAC at ¶ 54). In addition, defendants seek to incorporate by reference various federal agency guidance documents and scientific journal articles. (See Dkt. 76, RJN at 11-12). Again, plaintiffs reference each of these documents only once, some simply cited in a footnote. (See Dkt. 74, SAC at ¶¶ 45 n. 2, n. 3 & n. 4, 69(c) n. 5, & 79). Under the circumstances, the court cannot conclude that the SAC "refers extensively to [these] document[s] [n]or that the document[s] form[] the basis of . . . plaintiff[s'] claim." Khoja, 899 F.3d at 1002 (internal quotation marks omitted).

Defendants also assert that several of the exhibits are subject to judicial notice. (See Dkt. 76, RJN at 1-2); see also Fed. R. Evid. 201; Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotation marks omitted). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" Lee, 250 F.3d at 689 (internal quotation marks omitted), the court is unconvinced it should or can take judicial notice of many of the exhibits submitted by defendants.

Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "Just because [a]

document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Khoja, 899 F.3d at 999.

Based on its review of defendants' exhibits and plaintiffs' opposition to defendants' request for judicial notice, (see Dkt. 80, Plaintiffs' Opposition to Defendants' RJN ("RJN Opp.")), the court is persuaded that many of defendants' exhibits are subject to dispute. See, e.g., Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) (concluding that because "there was considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute"); Blye v. California Supreme Court, 2014 WL 295022, *2 (N.D. Cal. 2014) (denying a request for judicial notice where the applicability of facts was "a matter of dispute"). For example, defendants cite copies of a September 11, 2023, Acelyrin presentation, (see Dkt. 75, Motion at 5-7); (Dkt. 75-12, Exh. F), a transcript of a September 11, 2023, Acelyrin investor call, (see Dkt. 75, Motion at 5-7); (Dkt. 75-13, Exh. G), and a transcript of Acelyrin's comments at a healthcare conference, (see Dkt. 75, Motion at 5-7); (Dkt. 75-14, Exh. H), for their truth even though these facts are subject to reasonable dispute. (See Dkt. 80, RJN Opp. at 2-4); (Dkt. 79, Plaintiffs' Opposition to Defendants' Motion to Dismiss ("MTD Opp.") at 19); see, e.g., Marsh v. S.D. Cty., 432 F.Supp.2d 1035, 1043 (S.D. Cal. 2006) ("A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.").

Under the circumstances, the court is persuaded that the subject documents and arguments raised in the pending Motion should be considered, if at all, in connection with a motion for summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 93-94; see, e.g., Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153 (D. Or. 1999) (explaining that the court has discretion to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cnty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) (noting "the Court has discretion either to consider or reject such evidence" outside the pleadings).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 75)** is **denied without prejudice**.

2. Defendants' Request for Judicial Notice **(Document No. 76)** is **denied**.

3. Defendants shall file their Answer to the SAC or a Rule 12(b)(6) motion without any attached exhibits no later than **September 22, 2026**.[1]

Dated this 8th day of September, 2026.

/s/
Fernando M. Olguin
United States District Judge

[1] Defendants also included five annexes, (see Dkts. 75-1, 75-2, 75-3, 75-4, 75-5), and a three-page "Table of Abbreviations and Glossary" in their Motion. (See Dkt. 75, Motion at vi-viii). Should defendants choose to file another motion to dismiss, that motion shall be limited to a single annex of no more than two pages and shall not include any kind of glossary or table of abbreviations. In addition, because plaintiffs' SAC asserts fewer claims than their prior complaint, defendants' motion shall be limited to no more than 6,000 words.